**EXECUTION VERSION**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| In Re: AUTOMOTIVE PARTS ANTITRUST LITIGATION | 12-md-02311<br>Honorable Marianne O. Battani<br>Mag. Judge Mona K. Majzoub |
| In Re: ALTERNATORS<br>In Re: STARTERS | 2:15-cv-00707<br>2:15-cv-01107<br>2:15-cv-14096-MOB-MKM |
| THIS RELATES TO:<br><br>Truck & Equipment Dealership Cases | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is made and entered into this 12th day of September, 2017 ("Execution Date") by and between Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. (collectively, "Mitsubishi Electric"), and Truck and Equipment Dealer Class Representatives ("Plaintiffs"), both individually and on behalf of a class of Truck and Equipment dealership indirect purchasers of Alternators or Starters (the "Settlement Class"), as more particularly defined in Paragraph 11 below.

WHEREAS, Plaintiffs are prosecuting the above *In re Automotive Parts Antitrust Litigation,* Master File No. 12-md-02311 (E.D. Mich.), Case Nos. 2:15-cv-14096, 2:15-cv-0707, 2:15-cv-1107 (also known as *Rush Truck Centers of Arizona, Inc., et al. v. Mitsubishi Electric Corp., et al.*,) (the "Action") on their own behalf and on behalf of the Settlement Class against, among others, Mitsubishi Electric;

**EXECUTION VERSION**

WHEREAS, Plaintiffs allege that they were injured as a result of Mitsubishi Electric's alleged participation in an unlawful conspiracy to raise, fix, maintain and/or stabilize prices, rig bids, and allocate markets and customers for Alternators or Starters (as defined below) in violation of Section 1 of the Sherman Act and various state antitrust, unfair competition, unjust enrichment, and consumer protection laws as set forth in Plaintiffs' First Amended Class Action Complaint in the Action (the "Complaint");

WHEREAS, Mitsubishi Electric denies Plaintiffs' allegations and has asserted defenses to Plaintiffs' claims in the Action;

WHEREAS, arm's-length settlement negotiations have taken place between Settlement Class Counsel (as defined below) and counsel for Mitsubishi Electric, and this Agreement has been reached as a result of those negotiations;

WHEREAS, Plaintiffs, through their counsel, have conducted an investigation into the facts and the law regarding the Action and have concluded that resolving the claims asserted in this Action against Mitsubishi Electric, according to the terms set forth below, is in the best interest of Plaintiffs and the Settlement Class because of the payment of the Settlement Amount and the value of the Cooperation (as those terms are defined below) that Mitsubishi Electric has agreed to provide pursuant to this Agreement;

WHEREAS, the Action will continue against Defendants (as defined below) that are not Releasees (as defined below);

WHEREAS, Mitsubishi Electric, despite its belief that it is not liable for the claims asserted and its belief that it has good defenses thereto, has nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and to obtain the releases, orders, and judgment contemplated by this

Agreement, and to put to rest with finality all claims that have been or could have been asserted against Mitsubishi Electric with respect to Alternators or Starters based on the allegations in the Action, as more particularly set out below, or as to any other Vehicle Parts;

WHEREAS, Mitsubishi Electric has agreed to provide Cooperation to Plaintiffs in the ongoing prosecution of the Action as set forth in this Agreement, and such Cooperation will reduce Plaintiffs' substantial burden and expense associated with prosecuting the Action as to other Defendants; and

WHEREAS, Plaintiffs recognize the benefits of Mitsubishi Electric's Cooperation and recognize that because of joint and several liability, this Agreement with Mitsubishi Electric does not impair Plaintiffs' ability to collect the full amount of damages to which they and the Settlement Class may be entitled in the Action, including any damages allegedly attributable to Mitsubishi Electric in excess of the Settlement Amount:

NOW, THEREFORE, in consideration of the covenants, agreements, and releases set forth herein and for other good and valuable consideration, it is agreed by and among the undersigned that the Action be settled, compromised, and dismissed on the merits with prejudice as to the Releasees (as defined below) and except as hereinafter provided, without costs to Plaintiffs, the Settlement Class, or Mitsubishi Electric, subject to the approval of the Court, on the following terms and conditions:

A.    <u>Definitions</u>.

1.    "Alternators" and "Starters" shall each have the same meaning as set forth in the Complaint.

2.    "Cooperation" shall refer to those provisions set forth below in Paragraphs 35-43.

3.      "Cooperation Materials" means any information, testimony, Documents (as defined below) or other material provided by Mitsubishi Electric under the terms of this Agreement.

4.      "Defendant" means any party named as a defendant in the Action at any time up to and including the date when the Court has entered a final order certifying the Settlement Class described in Paragraph 11 and approving this Agreement under Federal Rule of Civil Procedure 23(e).

5.      "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure, including, without limitation, electronically stored information. A draft or non-identical copy is a separate document within the meaning of this term.

6.       "Indirect Purchaser States" means Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and Wisconsin.

7.      "MDL Litigation" means *In re Automotive Parts Antitrust Litigation*, No. 12-md-2311 (Eastern District of Michigan), and any case consolidated therein.

8.       "Opt-Out Deadline" means the deadline set by the Court for the timely submission of requests by Settlement Class Members to be excluded from the Settlement Class.

9.      "Releasees" shall refer to Mitsubishi Electric Corporation and to all of its respective past and present, direct and indirect, parents, subsidiaries, and affiliates, including without limitation Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc., the predecessors, successors and assigns of each of the above; and each and all of the present

and former principals, partners, officers, directors, supervisors, employees, agents, stockholders, members, representatives, insurers, attorneys, heirs, executors, administrators, and assigns of each of the foregoing.  Notwithstanding the foregoing, "Releasees" does not include any defendant in the MDL Litigation other than Mitsubishi Electric.

10. "Releasors" shall refer to Truck and Equipment Dealer Class Representatives and the members of the Settlement Class, as defined in Paragraph 11, below, and to their past and present officers, directors, supervisors, employees, agents, stockholders, members, attorneys, servants, representatives, parents, subsidiaries, affiliates, principals, partners, insurers and all other persons, partnerships or corporations with whom any of the former have been, or are now, affiliated, and the predecessors, successors, heirs, executors, administrators and assigns of any of the foregoing.

11. "Settlement Class" shall mean all Truck and/or Equipment dealers that, during the period January 1, 2000, through the Execution Date, indirectly purchased Alternators or Starters manufactured by one of the Defendants or any current or former subsidiary or affiliate thereof, or any alleged co-conspirator; or purchased new Trucks and/or Equipment containing Alternators or Starters manufactured by one of the Defendants or any current or former subsidiary, affiliate or alleged co-conspirator.

12. "Settlement Class Counsel" shall refer to the law firm of:

Duane Morris LLP
30 South 17th Street
Philadelphia, PA 19103

13. "Settlement Class Member" means each member of the Settlement Class who has not timely elected to be excluded from the Settlement Class.

14.    "Settlement Amount" shall be US $1,300,000.  Settlement Class Counsel shall allocate the Settlement Amount among the Settlement Class subject to approval by the Court after notice to the Settlement Class as directed by the Court, less any court-approved reimbursements for costs and expenses, any attorneys' fee award, and any other awards, reimbursements, and expenditures approved by the Court.

15.    "Settlement Fund" shall be the Settlement Amount deposited in the Escrow Account (which shall be allocated among the Settlement Class) plus any income or accrued interest earned on that amount.

16.    "Trucks and Equipment" means heavy-duty (Class 8) trucks, medium-duty (Class 3, 4, 5, 6 & 7) trucks, buses, commercial vehicles, construction equipment, mining equipment, agricultural equipment (including ATVs designed and/or marketed for agricultural use), railway vehicles, materials handling vehicles, and other similar vehicles.

17.    "Truck and Equipment Dealer Class Representatives" means those Settlement Class Members, as defined in Paragraph 13, above, who are named plaintiffs in the Complaint.

18.    "Vehicle Parts" includes any part installed, or designed for installation, in any vehicle that falls within the definition of "Trucks and Equipment" in Paragraph 16 above.

B.    <u>Approval of this Agreement and Dismissal of Claims Against Mitsubishi Electric</u>.

19.    Plaintiffs and Mitsubishi Electric shall use their best efforts to effectuate this Agreement, including cooperating in seeking the Court's approval for the establishment of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e)) to secure the complete, and final dismissal with prejudice of the Action as to the Releasees only.

20.     Plaintiffs shall submit to the Court a motion seeking preliminary approval of this Agreement (the "Preliminary Approval Motion").  Plaintiffs shall provide Mitsubishi Electric with a reasonable opportunity to review such motion in advance of filing. The Preliminary Approval Motion shall include (i) the proposed form of an order preliminarily approving this Agreement, and (ii) a proposed form of order and final judgment that shall include at least the terms set forth in Paragraph 22 below.  The text of these proposed orders and final judgment shall be agreed upon by Plaintiffs and Mitsubishi Electric before submission of the Preliminary Approval Motion.

21.     After notice to Mitsubishi Electric, Plaintiffs shall submit to the Court a motion for authorization to disseminate notice of the settlement and final judgment contemplated by this Agreement to all members of the Settlement Class identified by Plaintiffs (the "Notice Motion"). In order to mitigate the costs of notice, the Plaintiffs shall endeavor, if practicable, to disseminate notice with any other settlements that have been reached in the MDL Litigation and have been memorialized in a written, fully executed settlement agreement at the time the Notice Motion is filed.  The Notice Motion shall include a proposed form of, method for, and date of dissemination of notice.  The proposed form of and method for dissemination of notice shall be similar to the form and method of dissemination of notice approved by the court for the settlements between the Plaintiffs and other defendants in this case.

22.     Plaintiffs shall seek, and Mitsubishi Electric will not object to, the entry of an order and final judgment, provided it is consistent with the text that Plaintiffs and Mitsubishi Electric shall agree upon in advance.  The terms of that proposed order and final judgment will include, at a minimum, the substance of the following provisions:

(a)      certifying the Settlement Class described in Paragraph 11, pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for purposes of this settlement as a settlement class for the Action;

(b)      as to the Action, approving finally this settlement and its terms as being a fair, reasonable and adequate settlement as to the Settlement Class Members within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation according to its terms;

(c)      directing that all Releasors shall, by operation of law, be deemed to have released all Releasees from the Released Claims, as described in Paragraphs 25-26.

(d)      as to Mitsubishi Electric, directing that the Action be dismissed with prejudice and, except as provided for in this Agreement, without costs;

(e)      reserving exclusive jurisdiction over the settlement and this Agreement, including the interpretation, administration and consummation of this settlement, as well as over Mitsubishi Electric, for the duration of its provision of Cooperation pursuant to this Agreement, to the United States District Court for the Eastern District of Michigan;

(f)      determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal in the Action as to Mitsubishi Electric shall be final; and

(g)      providing that (i) the Court's certification of the Settlement Class is without prejudice to, or waiver of, the rights of any Defendant, including Mitsubishi Electric, to contest certification of any other class proposed in the MDL Litigation, (ii) the Court's findings in this order shall have no effect on the Court's ruling on any motion to certify any class in the MDL Litigation or on the Court's rulings concerning any Defendant's

**EXECUTION VERSION**

motion; and (iii) no party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any Defendant's motion.

23.     This Agreement shall become final when (i) the Court has entered a final order certifying the Settlement Class described in Paragraph 11 and approving this Agreement under Federal Rule of Civil Procedure 23(e) and has entered a final judgment dismissing the Action with prejudice as to Mitsubishi Electric and without costs other than those provided for in this Agreement, and (ii) the time for appeal or to seek permission to appeal from the Court's approval of this Agreement and entry of a final judgment as to Mitsubishi Electric described in (i) hereof has expired in the Action or, if appealed, approval of this Agreement and the final judgment in the Action as to Mitsubishi Electric have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance has become no longer subject to further appeal or review.  It is agreed that the provisions of Rule 60 of the Federal Rules of Civil Procedure shall not be taken into account in determining the above-stated times.  On the date that Plaintiffs and Mitsubishi Electric have executed this Agreement, Plaintiffs and Mitsubishi Electric shall be bound by its terms and this Agreement shall not be rescinded except in accordance with Paragraphs 29(d) or 44 of this Agreement.

24.     Neither this Agreement (whether or not it should become final) nor the final judgment, nor any and all negotiations, documents, and discussions associated with them (including Cooperation Materials produced pursuant to Paragraphs 35-43), shall be deemed or construed to be an admission by Mitsubishi Electric, or evidence of any violation of any statute or law or of any liability or wrongdoing whatsoever by Mitsubishi Electric, or of the truth of any of the claims or allegations contained in any complaint or any other pleading filed in the MDL

**EXECUTION VERSION**

Litigation, and evidence thereof shall not be discoverable or used in any way, directly or indirectly, whether in the MDL Litigation, or any other arbitration, action or proceeding whatsoever, against Mitsubishi Electric.   Nothing in this Paragraph shall prevent Plaintiffs from using and/or introducing into evidence Cooperation Materials produced pursuant to Paragraphs 35-43 subject to the limitations in those paragraphs, against any other defendants in the MDL Litigation, to establish any of the above, subject to the terms and conditions set forth in the Protective Order. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any other action taken to carry out this Agreement by Mitsubishi Electric, shall be referred to, offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action, arbitration, or proceedings, except in a proceeding to enforce this Agreement, or to defend against the assertion of Released Claims, or as otherwise required by law.   Notwithstanding any other provision of this Agreement, the parties and their counsel further agree that this Agreement or any of its terms and provisions, or any and all negotiations, documents and discussions associated with them, or any other statements made by counsel for Mitsubishi Electric in connection with or as part of this settlement shall be governed by Federal Rule of Evidence 408.   Nothing in this Paragraph shall be construed to limit the use of this Agreement to enforce its terms.

C.      Release, Discharge, and Covenant Not to Sue.

25.      In addition to the effect of any final judgment entered in accordance with this Agreement, upon this Agreement becoming final, as set out in Paragraph 23 of this Agreement, and in consideration of payment of the Settlement Amount, as specified in Paragraphs 14 and  27 of this Agreement, into the Settlement Fund, and for other valuable consideration, the Releasees shall be completely released, acquitted, and forever discharged from any and all claims, demands,

actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Settlement Class Member has objected to the settlement or makes a claim upon or participates in the Settlement Fund, whether directly, representatively, derivatively, or in any other capacity) under any federal, state, or local law of any jurisdiction in the United States, or under the law of any other foreign jurisdiction, that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may ever have, that now exist or may exist in the future, on account of, or in any way arising out of, any and all known and unknown, foreseen and unforeseen, suspected or unsuspected, actual or contingent, liquidated or unliquidated claims, injuries, damages, and the consequences thereof in any way arising out of or relating in any way to any conduct alleged in the Complaint or any act or omission of the Releasees (or combination thereof), concerning any Vehicle Parts, including without limitation any Alternators or Starters, including but not limited to any conduct and causes of action alleged or asserted or that could have been alleged or asserted, in any class action or other complaints filed in the Action or any other case in the MDL Litigation (the "Released Claims"). Notwithstanding the foregoing, Released Claims does not include: (1) any claims made by direct purchasers of Vehicle Parts as to such direct purchases; (2) any claims made by Settlement Class Members in the End Payor cases, Case Nos. 2:12-cv-00703-MOB-MKM and 2:12-cv-001103-MOB-MKM, as that term is defined in the Settlement Agreement between Mitsubishi Electric and End Payor Plaintiffs in that case; (3) any claims made by Settlement Class Members in the Automobile Dealership cases, Case Nos. 2:12-cv-00702-MOB-MKM and 2:12-cv-001102-MOB-MKM, as that term is defined in the Settlement Agreement between Mitsubishi Electric and Automobile Dealership Plaintiffs in that case; (4) any claims made by any state, state agency, or instrumentality or political subdivision of a state as to government purchases and/or penalties; (5) claims involving any negligence, personal injury, breach of contract, bailment,

failure to deliver lost goods, damaged or delayed goods, product defect, warranty, securities or similar claim relating to Vehicle Parts; and (6) claims under laws other than those of the United States relating to purchases of Vehicle Parts made outside of the United States and the states thereof.  Releasors shall not, after the date of this Agreement, seek to establish liability against any Releasee based, in whole or in part, upon any of the Released Claims or conduct at issue in the Released Claims unless the Agreement is, for any reason, not finally approved or terminated.

26.     In addition to the provisions of Paragraph 25 of this Agreement, Releasors hereby expressly waive and release, with respect to the Released Claims, upon this Agreement becoming final, as set out in Paragraph 23 of this Agreement, any and all provisions, rights, and benefits, as to their claims concerning Vehicles Parts conferred by § 1542 of the California Civil Code, which states:

> CERTAIN CLAIMS NOT AFFECTED BY GENERAL RELEASE. A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR;

or by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to § 1542 of the California Civil Code.  Each Releasor may hereafter discover facts other than or different from those which he, she, or it knows or believes to be true with respect to the claims which are released pursuant to the provisions of Paragraph 25 of this Agreement, but each Releasor hereby expressly waives and fully, finally, and forever settles and releases, upon this Agreement becoming final, any known or unknown, suspected or unsuspected, contingent or non-contingent claim that Mitsubishi Electric and Plaintiffs have agreed to release pursuant to Paragraph 25, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

**EXECUTION VERSION**

D.   <u>Settlement Amount</u>.

27.   Subject to the provisions hereof, and in full, complete and final settlement of the Action as provided herein, Mitsubishi Electric shall pay the Settlement Amount.  Mitsubishi Electric shall transfer the Settlement Amount to the Settlement Fund by wiring such funds to an escrow account to be administered in accordance with the provisions of Paragraph 28 of this Agreement (the "Escrow Account") within thirty (30) days following the later of (1) the date the Court enters an order preliminarily approving this settlement as set forth in Paragraph 20; or (2) the date upon which Truck and Equipment Dealership Plaintiffs provide instructions to transfer funds to the Escrow Account.

28.   <u>Escrow Account</u>.

(a)   The Escrow Account will be established at U.S. Bank National Association with such Bank serving as escrow agent ("Escrow Agent") subject to escrow instructions mutually acceptable to Settlement Class Counsel and Mitsubishi Electric, such escrow to be administered by the Escrow Agent under the Court's continuing supervision and control.

(b)   The Escrow Agent shall cause the funds deposited in the Escrow Account to be held in cash or invested in short-term instruments backed by the full faith and credit of the United States Government or fully insured in writing by the United States Government, or money market funds rated Aaa and AAA, respectively by Moody's Investor Services and Standard and Poor's, invested substantially in such instruments, and shall reinvest any income from these instruments and the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  Mitsubishi Electric shall bear no risk related to the Settlement Fund.

(c)      All funds held in the Escrow Account shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to this Agreement and/or further order(s) of the Court.

(d)      Plaintiffs and Mitsubishi Electric agree to treat the Settlement Fund as being at all times a Qualified Settlement Fund within the meaning of Treas. Reg. § 1.468B-1.  All provisions of this Agreement shall be interpreted in a manner that is consistent with the Settlement Funds being a "Qualified Settlement Fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, Settlement Class Counsel shall timely make such elections as necessary or advisable to carry out the provisions of this Paragraph 28, including the relation-back election (as defined in Treas. Reg. § 1.468B-1(j)) back to the earliest permitted date, if available.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Settlement Class Counsel to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(e)      For the purpose of § 468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the administrator shall be Settlement Class Counsel.  Settlement Class Counsel shall timely and properly file all information and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treas. Reg. § 1.468B-2(k) and (l)).  Such returns (as well as the election described in Paragraph 28(d)) shall be consistent with Paragraph 28(d) and in all events shall reflect that all Taxes, as defined below

(including any estimated Taxes, interest or penalties), on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in Paragraph 28(f) hereof.

(f)       All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any taxes or tax detriments that may be imposed upon Mitsubishi Electric or any Releasee with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a Qualified Settlement Fund for federal or state income tax purposes ("Taxes"); and (ii) expenses and costs incurred in connection with the operation and implementation of Paragraphs 28(d) through 28(f) (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in Paragraph 28(e) ("Tax Expenses")), shall be paid out of the Settlement Fund.

(g)       Neither Mitsubishi Electric nor any other Releasee nor their respective counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. Settlement Class Counsel shall indemnify and hold Mitsubishi Electric and the Releasees harmless for Taxes and Tax Expenses (including taxes payable by reason of such indemnification).  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent, upon written directions by Settlement Class Counsel, out of the Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to any claimants authorized by the Court any funds necessary to pay such amounts including the

establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)), as identified in writing by Settlement Class Counsel. Neither Mitsubishi Electric nor any other Releasee shall be responsible or have any liability therefor or for any reporting requirements that relate thereto. Plaintiffs, Settlement Class Counsel, and Mitsubishi Electric agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of Paragraphs 28(d) through 28(f).

(h)     If this Agreement does not receive final Court approval, including final approval of the Settlement Class as defined in Paragraph 11, or if the Action is not certified as a class action for settlement purposes, then all amounts paid by Mitsubishi Electric into the Settlement Fund (other than costs expended or incurred in accordance with Paragraph 30), shall be returned to Mitsubishi Electric from the Escrow Account by the Escrow Agent along with any interest accrued thereon within thirty (30) calendar days of the Court's denial of final approval of the Agreement and/or Settlement Class.

29.    Exclusions.

(a)     Subject to Court approval, any person or entity seeking exclusion from the Settlement Class must file a written request for exclusion by the Opt-Out Deadline. Any person or entity that files such a request shall be excluded from the Settlement Class and shall have no rights with respect to this settlement. Subject to Court approval, a request for exclusion that does not comply with all of the provisions set forth in the applicable Court approved notice of settlement and final judgment to be disseminated to the members of the Settlement Class will be invalid, and the person(s) or entity(ies) serving such an

invalid request shall be deemed Settlement Class Member(s) and shall be bound by the Agreement upon final approval. Settlement Class Counsel shall, within ten (10) business days of the Opt-Out Deadline, provide Mitsubishi Electric with a list and copies of all opt out requests it receives and shall file under seal with the Court a list of all members of the Settlement Class who timely and validly opted out of the settlement.

(b)     Subject to Court Approval, any member of the Settlement Class who submits a valid and timely request for exclusion will not be a Settlement Class Member and shall not be bound by the terms of this Agreement. Mitsubishi Electric reserves all of its legal rights and defenses, including but not limited to any defenses relating to whether any excluded member of the Settlement Class is an indirect purchaser of Alternators or Starters or has standing to bring any claim against Mitsubishi Electric.

(c)     Subject to Court Approval, the notice of settlement and final judgment to be disseminated to the Settlement Class will require that all written requests for exclusion include the full name, address and telephone number of the member of the Settlement Class who is seeking exclusion, and a statement that the member wishes to be excluded from the Settlement Class.

(d)     Within twenty (20) business days following the Opt-Out Deadline, or as soon thereafter as practicable, the parties shall if necessary determine the total number of Truck and Equipment Dealers in the Indirect Purchaser States, during the relevant time period for the Settlement Class defined in Paragraph 11, that purchased Trucks or Equipment containing Alternators or Starters (defined as the "Total Number of Damages Class Members" for purposes of calculating the "Total Opt-Out Percentage," defined below). The parties shall determine the Total Number of Damages Class Members based

upon reasonably available public information, and each dealership location shall be counted as a separate Settlement Class Member for the purposes of this calculation. In the event the parties mutually agree that nonpublic information is required to determine the Total Number of Damages Class Members, the parties shall identify an appropriate source of the necessary information and any costs or expenses associated with securing such information shall be paid pursuant to Paragraph 30 below. Within ten (10) business days following the determination of the Total Number of Damages Class Members, the parties shall if necessary calculate the percentage of the Total Number of Damages Class Members that have validly and timely requested to be excluded from the Settlement Class ("Total Opt-Out Percentage"), provided that Mitsubishi Electric shall have the sole option to waive the calculation and, by doing so, waive their rights under this Paragraph.  The Total Opt-Out Percentage is a fraction, the numerator of which is the Total Number of Damages Class Members that have validly and timely requested to be excluded from the Settlement Class, and the denominator of which is the Total Number of Damages Class Members.  If the parties are unable to agree on the Total Opt-Out Percentage, the Plaintiffs and Mitsubishi Electric agree to submit their respective calculations of the Total Opt-Out Percentage to the Court for decision as to which of the competing calculations is most reasonable.  Within 10 business days of the date on which the parties agree on the Total Opt-Out Percentage or on which the Court determinations the Total Opt-Out Percentage, and if the Total Opt-Out Percentage is equal to or greater than five percent (5%), Mitsubishi Electric may provide notice that it has elected to rescind this Agreement in its entirety, in which case the Escrow Agent or Settlement Class Counsel, as appropriate, will return to Mitsubishi Electric the

entire Settlement Fund (less any amounts disbursed under Paragraph 30) within 10 business days of the date on which Mitsubishi Electric provides notice of rescission.

30.    <u>Payment of Expenses</u>.

(a)    Mitsubishi Electric agrees to permit use of a maximum of US $70,000 of the Settlement Fund towards the cost of providing notice to the Settlement Class and the costs of administration of the Settlement Fund.  The notice and administration expenses (up to the maximum of US $70,000) are not recoverable if this settlement does not become final or is terminated to the extent such funds have actually been expended or incurred for notice and administration costs.  Other than as set forth in this Paragraph, Mitsubishi Electric shall not be liable for any of the costs or expenses incurred by Plaintiffs in the Action, including attorneys' fees, fees and expenses of expert witnesses and consultants, and costs and expenses associated with discovery, motion practice, hearings before the Court or Special Master, appeals, trials or the negotiation of other settlements, or for class administration, notice and/or costs.

(b)    In order to mitigate the costs of notice and administration, the Plaintiffs shall use their best efforts, if practicable, to disseminate notice with any other settlements reached with Mitsubishi Electric or other defendants in the MDL Litigation and to apportion the costs of notice and administration fairly across the applicable settlements.

E.    <u>The Settlement Fund</u>.

31.    Releasors' sole recourse for settlement and satisfaction against the Releasees of all Released Claims is against the Settlement Fund, and Releasors shall have no other recovery against Mitsubishi Electric or any other Releasee.

**EXECUTION VERSION**

32.     After this Agreement becomes final within the meaning of Paragraph 23, the Settlement Fund shall be distributed in accordance with a plan to be submitted to the Court at the appropriate time by Settlement Class Counsel, subject to approval by the Court.  In no event shall any Releasee have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such distribution and administration except as expressly otherwise provided in Paragraph 30 of this Agreement.

33.     Plaintiffs and Settlement Class Counsel shall be reimbursed and indemnified solely out of the Settlement Fund for all expenses and costs, as provided by Court Order.  Mitsubishi Electric and the other Releasees shall not be liable for any costs, fees, or expenses of any of Plaintiffs, Settlement Class Counsel, or any other attorneys, experts, advisors, agents, or representatives of any Settlement Class Member, but all such costs, fees, and expenses as approved by the Court shall be paid out of the Settlement Fund.

34.     Settlement Class Counsel's Attorneys' Fees, Reimbursement of Expenses, and Incentive Awards for Class Representatives.

(a)     Settlement Class Counsel may, after preliminary approval of the Agreement and notice to the Settlement Class, submit an application or applications to the Court (the "Fee and Expense Application") for: (i) an award of attorneys' fees; plus (ii) reimbursement of expenses and costs incurred in connection with prosecuting the Action and incentive awards, plus interest on such attorneys' fees, costs, and expenses at the same rate and for the same period as earned by the Settlement Fund (until paid) as may be awarded by the Court (the "Fee and Expense Award").  Settlement Class Counsel reserve the right to make additional applications for Court approval of fees and expenses incurred and reasonable

incentive awards, but in no event shall Mitsubishi Electric or any other Releasees be responsible to pay any such additional fees and expenses except to the extent they are paid out of the Settlement Fund.

(b)     Subject to Court approval, Plaintiffs and Settlement Class Counsel shall be reimbursed and paid solely out of the Settlement Fund for all expenses including, but not limited to, attorneys' fees and past, current, or future litigation expenses and incentive awards. Attorneys' fees and expenses awarded by the Court shall be payable from the Settlement Fund upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the settlement or any part thereof, subject to Settlement Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund with interest, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or award of expenses is reduced or reversed, or in the event the Agreement is rescinded or terminated.

(c)     The procedure for and the allowance or disallowance by the Court of the application by Settlement Class Counsel for attorneys' fees, costs and expenses, and incentive awards for class representatives to be paid out of the Settlement Fund are not part of this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any such order, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the judgment approving the settlement.

(d)     Neither Mitsubishi Electric nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to any

payment to Settlement Class Counsel and/or Plaintiffs of any Fee and Expense Award in the Action.

(e)     Neither Mitsubishi Electric nor any other Releasee under this Agreement shall have any responsibility for, or interest in, or liability whatsoever with respect to the allocation among Settlement Class Counsel, Plaintiffs, and/or any other person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Action.

F.     <u>Cooperation</u>.

35.     In return for the release and discharge provided herein, Mitsubishi Electric agrees to pay the Settlement Amount and further agrees to use its best efforts to provide Cooperation, as set forth specifically in Paragraphs 35-43. Cooperation will take place consistent with the timing set forth specifically in Paragraphs 35-43.  All Cooperation information provided by Mitsubishi Electric shall be treated as "Highly Confidential" under the terms of the Stipulation and Protective Order Governing the Production and Exchange of Confidential Information, Case No. 2:12-md-02311-MOB-MKM, ECF No. 200 ("Protective Order"). Cooperation will take place in a manner that is in compliance with Mitsubishi Electric's obligations to Government Entities (defined as the United States Department of Justice ("DOJ"), the Japanese Fair Trade Commission ("JFTC"), the European Commission ("EC"), or any other government entity). Mitsubishi Electric shall not be required to provide documents protected by the work product doctrine or attorney client privilege, or disclosure of which is prohibited by the Government Entities and/or by the law of the relevant foreign jurisdiction, or prohibited by court order.

36.     Within twenty (20) days after Settlement Class Counsel so requests, counsel for Mitsubishi Electric shall provide Settlement Class Counsel with the identity of all current and

former employees, directors, and officers of Mitsubishi Electric who: (1) were interviewed by any Government Entity in connection with alleged price-fixing, bid rigging, market allocation, and/or other unlawful anticompetitive activity as to automotive or Vehicle Parts; and/or (2) appeared before the grand jury in the DOJ's investigation into alleged antitrust violations with respect to automotive or Vehicle Parts.

37.     Mitsubishi Electric's counsel agrees to make themselves available thereafter for reasonable questions from, and to consult with, Settlement Class Counsel regarding the facts and conspiracy alleged in the Complaint or any other case-related facts that may come to light during the pendency of this case, including to provide previews of testimony likely to be provided by Mitsubishi Electric witnesses at depositions in this case and to provide guidance regarding which Mitsubishi Electric employees and former employees are likely to possess relevant information regarding facts pertinent to the Plaintiffs' claims in this case. Settlement Class Counsel shall maintain all statements made by Mitsubishi Electric's counsel in the course of the attorney consultations as "Highly Confidential," as said designation is described in the Protective Order, and shall not use the information so received for any purpose other than the prosecution of claims in the MDL Litigation. Settlement Class Counsel shall not be permitted to attribute any factual information obtained from the attorney consultations to Mitsubishi Electric or its counsel. The parties and their counsel further agree that any statements made by Mitsubishi Electric's counsel in connection with and/or as part of this settlement, including the referred-to attorney consultations, shall not be disclosed to any other party and shall be governed by Federal Rule of Evidence 408 and, otherwise, shall not be deemed admissible into evidence or to be subject to further discovery. Notwithstanding anything herein, Settlement Class Counsel may use information contained in such statements in the prosecution of claims in the MDL Litigation, and rely on such information to

certify that, to the best of Settlement Class Counsel's knowledge, information, and belief, such information has evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

38.    *Documents*. Within thirty (30) days after Settlement Class Counsel so requests, Mitsubishi Electric agrees that it will produce to Plaintiffs any documents that Mitsubishi Electric produced to the U.S. Department of Justice ("DOJ") during DOJ's investigation into alleged collusion as to the sale of automotive or Vehicle Parts, and will produce to Plaintiffs any other Documents identified by Jenner & Block as of the date of Settlement Class Counsel's request to relate to alleged collusion as to Vehicle Parts installed in Trucks and Equipment. Mitsubishi Electric further agrees to provide Plaintiffs with a complete copy of any document productions, interrogatory responses, or other discovery responses Mitsubishi Electric has made or makes in the future in connection with this Action.

39.    As to any other Documents, Mitsubishi Electric will consider in good faith any request by Settlement Class Counsel to collect and produce additional Documents, taking into account the burden and expense of collecting and producing the requested Documents.

40.    *Transactional Data*: Within a reasonable period of time after Settlement Class Counsel so requests, Mitsubishi Electric agrees that it will produce to Plaintiffs any Truck and Equipment Alternators and Starters transactional sales data as to parts shipped to customers in the United States or Japan between January 1, 2000 and December 31, 2013.  As to Truck & Equipment transactional sales data as to any other Vehicle Part shipped to customers in the United States or Japan between January 1, 2000 and December 31, 2013, Mitsubishi Electric will consider in good faith any request by Settlement Class Counsel to collect and produce such additional transactional sales data, taking into account the burden and expense of collecting and producing

the requested transactional data. To the extent Plaintiffs identify any deficiencies in, or have reasonable questions about, Mitsubishi Electric's transactional data, Mitsubishi Electric will act in good faith to resolve those deficiencies and/or answer those questions in a timely manner.

41.     This Agreement does not restrict Settlement Class Counsel from attending and/or participating in any depositions in the MDL Litigation or in the Action. Mitsubishi Electric will not object to Settlement Class Counsel attending and/or participating in depositions of Mitsubishi Electric witnesses to the extent Settlement Class Counsel's participation does not expand the time allotted for the deposition pursuant to applicable stipulations or orders in the MDL Litigation. Settlement Class Counsel may ask questions for up to one (1) hour at each such deposition, provided that the time for participation of Settlement Class Counsel shall not expand the time permitted for the deposition as may be provided by the Court, and Settlement Class Counsel will not ask the Court to enlarge the time of any deposition noticed of a Mitsubishi Electric employee. Plaintiffs may not use any testimony obtained from depositions of Mitsubishi Electric witnesses against Mitsubishi Electric in any way and may only use such testimony to support their joint and several liability claims against any other Defendant in the Action.

42.     Additionally, Mitsubishi Electric shall use its best efforts to cooperate with Settlement Class Counsel as set forth in Paragraphs 42(a)-(f) below.

(a)     Mitsubishi Electric shall make a good faith effort to assist Settlement Class Counsel in identifying Mitsubishi Electric witnesses who possess information relevant to the claims being asserted by Plaintiffs and to make such witnesses available for interviews by Settlement Class Counsel. Each interview shall, to the extent practicable, and subject to any applicable orders of the Court, be conducted in person or via videoconference. Each such witness interview shall take place at a mutually agreeable location and at a mutually

agreed upon time, accommodating the schedules and geographic limitations of the witness where it is possible to do so; provided, however, that Mitsubishi Electric will be under no obligation to make such witnesses appear in person in the United States for such interviews. Each witness interview shall be limited to a total of seven (7) hours over one day; provided, however, that to the extent that the person to be interviewed requests an interpreter, the interview shall be limited to a total of twelve (12) hours. At the request of the person to be interviewed, such 12 hours of interview may occur over two (2) consecutive days. If an interview takes place in the United States, Settlement Class Counsel shall pay the economy class fares and reasonable travel costs incurred by the witness, but in no event shall Settlement Class Counsel be responsible for reimbursing the witness for their time or services rendered. Mitsubishi Electric further agrees that each witnesses interviewed pursuant to the terms of this Agreement shall, upon request by Settlement Class Counsel, timely provide Plaintiffs with a sworn declaration memorializing information provided in their interview.  It is understood that Mitsubishi Electric may be unable to make available for interviews the five (5) individuals referenced in Attachment A (filed under seal) of the plea agreement between Mitsubishi Electric Corporation and the United States of America (Case No. 2:13-cr-20710-PJK, E.D. Mich., ECF No. 9) or any individual who is no longer an officer, director, or employee of Mitsubishi Electric. Mitsubishi Electric agrees, however, to communicate any request Settlement Class Counsel may make for an interview of any individual referenced in the foregoing sentence to that individual or that individual's counsel, as appropriate.

(b)     Plaintiffs and Settlement Class Counsel agree they will not use the information provided by Mitsubishi Electric or the other Releasees or their representatives

**EXECUTION VERSION**

under this Agreement for any purpose other than the prosecution of claims in the MDL Litigation, provided they do not use such information against Mitsubishi Electric, and will use it in the Action and any other case in the MDL Litigation consistent with the Protective Order, and will not use it beyond what is reasonably necessary for the prosecution of claims in the MDL Litigation or as otherwise required by law. All Documents and other information provided pursuant to this Agreement shall be deemed "Highly Confidential" as said designation is defined in the Protective Order. Mitsubishi Electric hereby consents to allow Plaintiffs and Settlement Class Counsel to use any Mitsubishi Electric document or information designated or deemed "Highly Confidential" as an exhibit at any deposition, in any court filing, and at trial in the Action, provided counsel for Mitsubishi Electric is given notice that such document or information will be used as an exhibit.

(c)     Mitsubishi Electric's obligations to provide Cooperation shall not be affected by the releases set forth in this Settlement Agreement. Unless this Agreement is rescinded, disapproved, or otherwise fails to take effect, Mitsubishi Electric's obligations to provide Cooperation under this Agreement shall continue until, unless otherwise ordered by the Court, the date that final judgment has been entered in the Action against all Defendants.

(d)     In the event that this Agreement fails to receive final approval by the Court as contemplated in Paragraphs 19-23 hereof, including final approval of the Settlement Class as defined in Paragraph 11, or in the event that it is terminated or rescinded by either party under any provision herein, the parties agree that neither Plaintiffs nor Settlement Class Counsel shall be permitted to introduce into evidence against Mitsubishi Electric, at any hearing or trial, or in support of any motion, opposition, or other pleading in the Action

or in any other federal or state or foreign action alleging a violation of any law relating to the subject matter of the Action, any deposition testimony or any documents provided by Mitsubishi Electric and/or the other Releasees, their counsel, or any individual made available by Mitsubishi Electric pursuant to Cooperation (as opposed to from any other source or pursuant to a court order).  Notwithstanding anything contained herein, Plaintiffs and the Settlement Class are not relinquishing any rights to pursue discovery against Mitsubishi Electric in the event that this Agreement fails to receive final approval by the Court as contemplated in Paragraphs 19-23 hereof, including final approval of the Settlement Class as defined in Paragraph 11, or in the event that it is terminated by either party under any provision herein.

(e)     Plaintiffs further agree that, within sixty (60) days of this Agreement being terminated or rescinded pursuant to Paragraphs 29(d) or 44, Plaintiffs shall return or destroy all Cooperation Materials received from Mitsubishi Electric.

(f)     To the extent that Mitsubishi Electric provides any attorney proffers or witness interviews as part of any other settlement(s) entered into by Mitsubishi Electric in this Action, Mitsubishi Electric will provide Settlement Class Counsel with timely notice of such proffers or interviews and shall permit Settlement Class Counsel to attend those proffers or interviews.

(g)     Other than as provided herein, Mitsubishi Electric need not respond to discovery requests made pursuant to the Federal Rules of Civil Procedure from Plaintiffs, meet and confer, or otherwise negotiate with Plaintiffs regarding discovery requests previously served in the Action or otherwise participate in the Action during the pendency of the Agreement.  Other than to enforce the terms of this Agreement, neither Mitsubishi

Electric nor Plaintiffs shall file motions against the other, in the Action, during the pendency of the Agreement.

43.     Other than as set forth herein, Mitsubishi Electric, Plaintiffs, and Settlement Class Counsel agree not to disclose publicly or to any other person the terms of this Agreement until this Agreement has been fully executed.

G.     Rescission if this Agreement is Not Approved or Final Judgment is Not Entered.

44.     If the Court refuses to approve this Agreement or any part hereof, including if the Court does not certify the Settlement Class, or if such approval is modified or set aside on appeal, or if the Court does not enter the final judgments provided for in Paragraph 23 of this Agreement, or if the Court enters the final judgments and appellate review is sought, and on such review, such final judgments are not affirmed in its entirety, then Mitsubishi Electric and Plaintiffs shall each, in their sole discretion, have the option to rescind this Agreement in its entirety via written notice to the other in accordance with Paragraph 55 hereof, to be exercised within ten (10) days after the triggering event.  A modification or reversal on appeal of any amount of Settlement Class Counsel's fees and expenses awarded by the Court from the Settlement Fund shall not be deemed a modification of all or a part of the terms of this Agreement or such final judgment.

45.     In the event that this Agreement does not become final as set forth in Paragraph 23, or this Agreement otherwise is rescinded pursuant to Paragraphs 29(d) or 44, then this Agreement shall be of no force or effect and any and all parts of the Settlement Fund caused to be deposited in the Escrow Account (including interest earned thereon) shall be returned forthwith to Mitsubishi Electric less only disbursements made in accordance with Paragraph 30 of this Agreement. Mitsubishi Electric expressly reserves all rights and defenses if this Agreement does not become final.

46.     Further, and in any event, Plaintiffs and Mitsubishi Electric agree that this Agreement, whether or not it shall become final, and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of (i) any violation of any statute or law or of any liability or wrongdoing whatsoever by Mitsubishi Electric, or the other Releasees to be used against Mitsubishi Electric, or of (ii) the truth of any of the claims or allegations contained in the Complaint or any other pleading filed in the MDL Litigation, to be used against Mitsubishi Electric, and evidence thereof shall not be discoverable or used in any way, in the MDL Litigation, against Mitsubishi Electric.  Nothing in this Paragraph shall prevent Plaintiffs from using Cooperation Materials produced by Mitsubishi Electric against any other defendants in any actions to establish any of the above.

47.     This Agreement shall be construed and interpreted to effectuate the intent of the parties, which is to provide, through this Agreement, for a complete resolution of the relevant claims with respect to each Releasee as provided in this Agreement as well as Cooperation by Mitsubishi Electric.

H.     <u>Miscellaneous</u>.

48.     Within fifteen (15) days of the date on which the last signature on this Agreement is delivered, or such other time as Mitsubishi Electric and Settlement Class Counsel may agree, Mitsubishi Electric shall submit all materials required to be sent to appropriate Federal and State officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

49.     This Agreement does not settle or compromise any claim by Plaintiffs or any Settlement Class Member asserted in the Complaint or, if amended, any subsequent complaint, against any Defendant or alleged co-conspirator other than Mitsubishi Electric and the other Releasees.  All rights against such other Defendants or alleged co-conspirators are specifically

reserved by Plaintiffs and the Settlement Class.  All rights of any Settlement Class Member against any and all former, current, or future Defendants or co-conspirators or any other person other than Mitsubishi Electric and the other Releasees, for sales made by Mitsubishi Electric and Mitsubishi Electric's alleged illegal conduct are specifically reserved by Plaintiffs and Settlement Class Members.  Mitsubishi Electric's sales to the class and its alleged illegal conduct shall, to the extent permitted or authorized by law, remain in the Action as a potential basis for damage claims and shall be part of any joint and several liability claims against other current or future Defendants in the Action or other persons or entities other than Mitsubishi Electric and the other Releasees. Mitsubishi Electric shall not be responsible for any payment to Plaintiffs other than the amount specifically agreed to in Paragraph 27 of this Agreement.

50.    The United States District Court for the Eastern District of Michigan shall retain jurisdiction over the interpretation, implementation, enforcement, and performance of this Agreement, and shall have exclusive jurisdiction over any suit, action, proceeding, or dispute arising out of or relating to this Agreement or the applicability of this Agreement that cannot be resolved by negotiation and agreement by Plaintiffs and Mitsubishi Electric, including challenges to the reasonableness of any party's actions.  This Agreement shall be governed by and interpreted according to the substantive laws of the state of Michigan without regard to its choice of law or conflict of laws principles.  Mitsubishi Electric will not object to complying with any of the provisions outlined in this Agreement on the basis of jurisdiction.

51.    This Agreement constitutes the entire, complete, and integrated agreement among Plaintiffs and Mitsubishi Electric pertaining to the settlement of the Action against Mitsubishi Electric, and supersedes all prior and contemporaneous undertakings, communications, representations, understandings, negotiations, and discussions, either oral or written, between

Plaintiffs and Mitsubishi Electric in connection herewith.  This Agreement may not be modified or amended except in writing executed by Plaintiffs and Mitsubishi Electric and approved by the Court.

52.    This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of Plaintiffs and Mitsubishi Electric.  Without limiting the generality of the foregoing, each and every covenant and agreement made herein by Plaintiffs or Settlement Class Counsel shall be binding upon all Settlement Class Members and Releasors.  The Releasees (other than the Mitsubishi Electric entities which are parties hereto) are third-party beneficiaries of this Agreement and are authorized to enforce its terms applicable to them.

53.    This Agreement may be executed in counterparts by Plaintiffs and Mitsubishi Electric, and a facsimile or .pdf signature shall be deemed an original signature for purposes of executing this Agreement.

54.    Neither Plaintiffs nor Mitsubishi Electric shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

55.    Where this Agreement requires either party to provide notice or any other communication or document to the other, such notice shall be in writing, and such notice, communication or document shall be provided by facsimile, or electronic mail, or letter by overnight delivery to the undersigned counsel of record for the party to whom notice is being provided.

**EXECUTION VERSION**

56.     Each of the undersigned attorneys represents that he is fully authorized to enter into

the terms and conditions of, and to execute, this Agreement subject to Court approval.

Dated: September 12, 2017

J. Manly Parks
**Duane Morris LLP**
30 S. 17th Street
Philadelphia, PA 19103
Phone: (215) 979-1342
Fax: (215) 689-3682
JMParks@duanemorris.com

*Class Counsel and Settlement Class Counsel*

Dated: September 11, 2017

Terrence J. Truax
Charles B. Sklarsky
Michael T. Brody
Gabriel A. Fuentes
Daniel T. Fenske
**Jenner & Block LLP**
353 N. Clark Street
Chicago, IL 60654-3456
ttruax@jenner.com
csklarsky@jenner.com
mbrody@jenner.com
gfuentes@jenner.com
dfenske@jenner.com

*Counsel for Mitsubishi Electric Corporation,*
*Mitsubishi Electric US Holdings, Inc., and*
*Mitsubishi Electric Automotive America, Inc..*

33