UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: AUTOMOTIVE PARTS ANTITRUST LITIGATION | Master File No. 12-md-02311<br>Hon. Marianne O. Battani |
| In re: Starters Cases<br>In re: Alternators Cases | Case No. 2:15-cv-00707-MOB-MKM<br>Case No. 2:15-cv-01107-MOB-MKM<br>Case No. 2:15-cv-14096-MOB-MKM |
| THIS DOCUMENT RELATES TO:<br><br>Truck and Equipment Dealer Cases | |

**ORDER GRANTING FINAL APPROVAL TO TRUCK AND EQUIPMENT DEALER PLAINTIFFS' SETTLEMENT WITH MITSUBISHI ELECTRIC AND CERTIFICATION OF THE SETTLEMENT CLASS**

These matters came before the Court on February 28, 2018 on the Truck and Equipment Dealer Plaintiffs' ("TED Plaintiffs") Motion for Final Approval of Settlement with Mitsubishi Electric Corporation, Mitsubishi Electric US Holdings, Inc., and Mitsubishi Electric Automotive America, Inc. (collectively, "Settling Defendant" or "Mitsubishi Electric") and for Certification of a Settlement Class.

1. The Court previously entered an order granting preliminary approval of settlement (the "Settlement") entered into between the Truck and Equipment Dealer Plaintiffs and Mitsubishi Electric. [*See* Case No. 2:15-cv-14096, ECF No. 39 (the "Order")].

2. In the Order, the Court granted conditional certification to the settlement class described in the Settlement (the "Settlement Class") and the Settlement Agreement and authorized dissemination of class notice. (*Id.*)

3. A multi-faceted notice plan was carried out and provided notice of the Settlement to potential members of the Settlement Class. This allowed Truck and Equipment Dealerships to comment on the terms of the Settlement. There were no objections. No truck and equipment dealership commented on the Settlement or requested the opportunity to be heard at the final fairness hearing. No person or entity has requested exclusion from the Settlement Class.

4. The Court has received and reviewed the Truck and Equipment Dealer Plaintiffs' Motion for Final Approval of Proposed Settlement with Mitsubishi Electric and for Certification of the Settlement Class and its supporting declarations and documents. The Court, having reviewed the motion, its memorandum of law, and the supporting declarations and papers, and having held a final approval hearing, makes the following **FINDINGS** and **ORDERS**:

### The Notice Plan and Class Member Reaction

1. The notice plan and the form and content of the notices of the Settlement complied with Rule 23 and due process requirements.

2. The plan provided notice to the potential members of the Settlement Class of the terms of the Settlement and the various options the potential members had, including, among other things, to opt out of the Settlement, be represented by counsel of their choosing, to object to the Settlement, and to participate as a claimant in the Settlement.

3. The notice plan was the best practicable under the circumstances and it provided sufficient notice of: (a) the Settlement and its terms, (b) the right to opt out or object, and (c) the final approval hearing to Truck and Equipment Dealerships who indirectly purchased Starters and Alternators and/or new vehicles and/or parts containing Starters and Alternators and

purchased such vehicles or parts in Arizona, Arkansas, California, District of Columbia, Florida, Hawaii, Illinois, Iowa, Kansas, Maine, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Mexico, New York, North Carolina, North Dakota, Oregon, South Carolina, South Dakota, Tennessee, Utah, Vermont, West Virginia, and/or Wisconsin (the "Included States") and who were therefore entitled to receive such notice as potential members of the Rule 23(b)(3) Settlement Class.

4. The purpose of notice in a class action is to "afford members of the class due process which, in the context of the Rule 23(b)(3) class action, guarantees them the opportunity to be excluded from the class action and not be bound by any subsequent judgment." *Peters v. Nat'l RR Passenger Cop.*, 966 F.2d 1483, 1486 (D.C. Cir. 1992) (citing *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974)). Where names and addresses of known or potential class members are reasonably available, direct notice should be provided. *Id.* at 175-76; Manual for Complex Litigation § 21.311, at 292 (4th ed. 2004). The notice plan here included direct postal and email notice to known, potential members of the Settlement Class in the Included States who had the right to be excluded from the Settlement Class and who may be entitled to share in the settlement proceeds. *Roberts v. Shermeta, Adams & VonAllmen, P.C.*, No.1:13-cv-1241, 2015 WL 1401352 (W.D. Mich. March 26, 2015); *see also Fidel v. Farley*, 534 F.3d 508, 514 (6th Cir. 2008); *In re Domestic Air Transp. Antitrust Litig.*, 141 F.R.D. 534, 548-53 (N.D. Ga. 1992); Manual for Complex Litigation §21.311, at 288 (4th ed. 2004).

5. The notice plan included direct postal and email notice to known Truck and Equipment dealerships that purchased and sold new vehicles and certain component parts in the Included States; published notice in leading publications designed to target Truck and Equipment dealerships nationwide and earned media efforts through a national press release and a settlement

website. Notice was sent to approximately 47,230 postal and 56,425 email addresses associated with Truck and Equipment dealerships in the Included States.

6. The notice plan's multi-faceted approach constituted "the best notice that is practicable under the circumstances" consistent with Rule 23(c)(2)(B). *See, e.g.*, *In re Holocaust Victims Assets Litig.*, 105 F. Supp. 2d 139, 144 (E.D. N.Y. 2000) (approving plan involving direct-mail, published notice, press releases and earned media, Internet and other means of notice).

7. The content of the notices was also adequate. Notice for a Rule 23(b)(3) settlement class "must clearly and concisely state in plain, easily understood language" seven types of information: "(i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii). The notices here provided the information required by Rule 23 and were drafted in a manner to clearly state the details of the Settlement in plain, easily understood language.

8. Compliance with Rule 23's notice requirements also satisfies due process requirements. "The combination of reasonable notice, the opportunity to be heard, and the opportunity to withdraw from the class satisfy due process requirements of the Fifth Amendment." *In re Prudential Sales Practice Litig. Agent Actions*, 148 F.3d 283, 306 (3rd Cir. 1998). The notice and explanation of the process to opt out of the Rule 23(b)(3) Settlement Class used here met due process requirements. The notice explained the actions, who is included in the Settlement, and the right to opt out, object, or appear through an attorney. The notice also

described the time and manner for opting out and declining to participate in or be bound by the Settlement for the members of the Rule 23(b)(3) Settlement Class.

9. Prospective members of the Settlement Class were readily able to determine whether they were likely to be class members, since membership is based on being a Truck and Equipment Dealership that indirectly purchased Starters and Alterators and/or new vehicles and/or parts containing Starters and Alternators during the respective class periods. The Settlement Class definitions, a list of the Defendants and their alleged co-conspirators, and the fact that Starters and Alternators are at issue in the Settlement, were included in the Notice and are posted on www.TruckDealerSettlement.com. Whether a Truck and Equipment dealership is included in the Settlement Class is ascertainable.

10. The notice plan provided Rule 23(b)(3) Settlement Class members in the Included States information about their option to exclude themselves from the Settlement and pursue their claims individually and provided sufficient time to exercise this right. *Fidel*, 534 F.3d at 513-15 (6th Cir. 2008) (affirming 46-day opt-out period and recognizing that publication notice and notice provided to brokerage houses on behalf of stockholders satisfies due process); *DeJulius v. New England Health Care Emp. Pension Fund*, 429 F.3d 935, 944 (10th Cir. 2005) (affirming 32-day opt-out period).

11. No person or entity has requested exclusion from the Settlement Class or elected to opt-out of the Settlement. There were no objections. No person or entity requested the opportunity to be heard at the final fairness hearing. The fact that all eligible Truck and Equipment dealerships elected to participate in this Settlement—and none objected—supports a conclusion that the Settlement is fair, reasonable, and adequate. The reaction to this Settlement was overwhelmingly positive.

12. The Settling Defendant has provided the notice to public officials required by 28 U.S.C. § 1715.

13. If a public official who received a notice required by 28 U.S.C. § 1715 from Settling Defendant's files comments about the Settlement with the Settling Defendant or requests an opportunity to be heard, this Order shall not become effective with respect to the Settlement until the Court has considered the information provided by the public official(s).

## The Settlement and Its Terms

14. The law favors the settlement of class action lawsuits. *Griffin v. Flagstar Bancorp, Inc.*, No. 2:10-cv-10610, 2013 WL 6511860, at *2 (E.D. Mich. Dec. 12, 2013); *see also In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2011 WL 717519, at *7 (E.D. Mich. Feb. 22, 2011); *UAW v. General Motors Corp.*, 497 F.3d 615, 632 (6th Cir. 2007).

15. To be given final approval, a class action settlement must be "fair, reasonable, and adequate." *Sheick v. Auto. Component Carrier LLC*, No. 2:09-cv-14429, 2010 WL 4136958, at *14 (E.D. Mich. Oct. 18, 2010); *see also Packaged Ice*, 2011 WL 717519, at *8. "There are three steps which must be taken by the court in order to approve a settlement: (1) the court must preliminarily approve the proposed settlement, (2) members of the class must be given notice of the proposed settlement, and (3) after holding a hearing, the court must give its final approval of the settlement." *In Re Telectronics Pacing Sys. Inc.*, 137 F. Supp. 2d 985, 1026 (S.D. Ohio 2001) (citing *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983)); *In re Packaged Ice Antitrust Litig.*, No. 08-MD-01952, 2010 WL 3070161, at *4 (E.D. Mich. Aug. 2, 2010).

16. At final approval, the court considers whether the settlement is "fair, adequate, and reasonable to those it affects and whether it is in the public interest." *Lessard v. City of Allen Park*, 372 F. Supp. 2d 1007, 1009 (E.D. Mich. 2005) (citing *Vukovich*, 720 F. 2d at 921-

23).  This determination requires consideration of "whether the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 522 (E.D. Mich. 2003) (citation omitted); *Sheick*, 2010 WL 4136958, at *14-15.

17.     Sixth Circuit courts consider a number of factors when determining whether a settlement should be granted final approval: (1) the likelihood of success on the merits weighed against the amount and form of the relief offered in the settlement; (2) the complexity, expense, and likely duration of further litigation; (3) the opinions of class counsel and class representatives; (4) the amount of discovery engaged in by the parties; (5) the reaction of absent class members; (6) the risk of fraud or collusion; and (7) the public interest. *Packaged Ice*, 2011 WL 717519, at *8; *see also UAW*, 497 F.3d at 631; *Griffin*, 2013 WL 6511860, at *3; *Cardizem*, 218 F.R.D. 508 at 522. No single factor is determinative, and the court weighs each factor based on the circumstances of the case. *Ford*, 2006 WL 1984363, at *21. The court may "choose to consider only those factors that are relevant to the settlement at hand." *Id.* at *22; *see also Grenada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205-06 (6th Cir. 1992).

18.     Each of the factors set out above support final approval of the Settlement. Settlements like those before the Court recognize the uncertainties of law and fact and the risks and costs inherent in taking complex litigation to completion. *Sheick*, 2010 WL 4136958, at *15 (quoting *IUE-CWA*, 238 F.R.D. at 594); *Ford*, 2006 WL 1984363, at *21. When considering the likelihood of plaintiffs' success on the merits of the litigation, the ultimate question is whether the interests of the class as a whole are better served if the litigation is resolved by settlement rather than pursued. *Sheick*, 2010 WL 4136958, at *16 (citing *IUE-CWA*, 238 F.R.D. at 595).

The Settlement reflects both the strengths of the Truck and Equipment Dealer Plaintiffs' claims and the risk that the Settling Defendant may prevail on some or all of its defenses.

19.     The Settlement in this round provides over $1.3 million in settlement funds that will benefit Truck and Equipment Dealerships. The Settlement creates cash funds whose net proceeds (after the Court-approved deduction of certain expenses and attorneys' fees) will be paid entirely to eligible Settlement Class members that purchased Starters and Alternators and/or new vehicles and/or parts containing Starters and Alternators during the respective class periods in the Included States.

20.     The Settlement Agreement includes requirements that Settling Defendant provide specified cooperation to the Truck and Equipment Dealer Plaintiffs. Such cooperation is particularly valuable in complex cases. The cooperation offered by Settling Defendant will assist the Truck and Equipment Dealer Plaintiffs' pursuit of claims against the non-settling Defendants in this case.

21.     The Settlement provides adequate monetary relief and substantial cooperation, making the first final approval factor one that weighs in favor of granting final approval.

22.     The complexity, expense, and likely duration of continued litigation also favor final approval. The Settlement was reached after adversarial litigation and good faith, arms' length negotiations involving experienced counsel for the Truck and Equipment Dealer Plaintiffs and the Settling Defendant. The opinions of these attorneys, who support the Settlement as being fair and reasonable, provide support for final approval. *Dick*, 297 F.RD. at 296 ("Giving substantial weight to the recommendations of experienced attorneys, who have engaged in arms-length settlement negotiations, is appropriate ...") (quoting *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig.*, No. 3:08-MD01998, 2010 WL 3341200, at *4 (W.D. Ky.

Aug. 23, 2010)); *see also In re Auto. Refinishing Paint Antitrust Litig.*, 617 F. Supp. 2d. 336,341 (E.D. Pa. 2007).

23. Counsel for the Truck and Equipment Dealer Plaintiffs' judgment "that settlement is in the best interest of the class 'is entitled to significant weight, and supports the fairness of the class settlement.'" *Packaged Ice*, 2011 WL 717519, at *11 (quoting *Sheick*, 2010 WL 4136958, at *18). "In the absence of evidence of collusion (there is none here) this Court 'should defer to the judgment of experienced counsel who has competently evaluated the strength of his proofs.'" *Date v. Sony Electronics, Int.*, No. 07-15474, 2013 WL 3945981, at *9 (ED. Mich. Jul. 31, 2013) (quoting *Vukovich*, 720 F. 2d at 922-23).

24. Counsel for the Truck and Equipment Dealer Plaintiffs and the Settling Defendant were armed with sufficient background information and discovery and "had adequate information about their claims." *Griffin*, 2013 WL 6511860, at *4 (quoting *In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y. 2004)). This also favors final approval of the Settlement.

25. There were no objections to the Settlement and no opt-outs. This is remarkable because there are often at least a few objections to class settlements. "A certain number of opt-outs and objections are to be expected in a class action. If only a small number are received, that fact can be viewed as indicative of the adequacy of the settlement." *Cardizem*, 218 F.R.D. at 527. This reaction from the members of the Settlement Class strongly supports the adequacy of the Settlement. *Stoetzner v. U.S. Steel Corp.*, 897 F.2d 115, 118-19 (3d Cir. 1990) (holding that objections by about 10% of class "strongly favors settlement"); *see also TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 458, 462 (2d Cir. 1982) (approving settlement despite

9

objections of large number of class); *Taifa v. Bayh*, 846 F. Supp. 723, 728 (N.D. Ind. 1994) (approving class settlement despite objections from more than 10% of class).

26. The public interest also supports final approval of the Settlement. "[T]here is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement conserves judicial resources." *Cardizem*, 218 F.R.D. at 530 (quoting *Granada*, 962 F.2d at 1205); *see also Griffin*, 2013 WL 6511860, at *5; *Packaged Ice*, 2011 WL 717519, at *12.

27. The Court presumes that settlement negotiations were conducted in good faith and that the resulting agreements were reached without collusion unless there is contrary evidence. *Griffin*, 2013 WL 6511860, at *3; *Packaged Ice*, 2011 WL 717519, at *12; *Ford*, 2006 WL 1984363, at *26; *Sheick*, 2010 WL 4136958, at *19-20. The Settlement here was reached after adversarial litigation. There is no evidence or suggestion that the negotiations leading to the Settlement were collusive in any way. The Settlement was negotiated in good faith with counsel on each side zealously representing the interests of their clients.

28. Having presided over this litigation for several years, the Court is familiar with the merits of the claims and defenses, the risks facing the parties, and the public interest in resolving litigation. Starting with the preliminary approval motion, the Court had the opportunity to consider the reasonableness of the Settlement and the terms of the Settlement Agreement. The Court agrees that the Settlement is fair, reasonable, and adequate and it is therefore granted final approval under Rule 23 of the Federal Rules of Evidence.

## Certification of Settlement Class

29. In its preliminary approval order for the Settlement, the Court found that Rule 23's requirements were met and provisionally certified, for purposes of the proposed Settlements

only, the Settlement Class described in the Settlement Agreement. A class may be certified for purposes of settlement. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591 (1997); *Ford*, 2006 WL 1984363, at *3, *18; *Cardizem*, 218 F.R.D. at 516-19; *Thacker v. Chesapeake Appalachia, L.L.C.*, 259 F.R.D. 262, 266-70 (E.D. Ky. 2009).

30. Having considered the preliminary and final approval papers and proceedings, the Court concludes that this Settlement meets the requirements of Rule 23(a) as well as the requirements of Rule 23(b)(2) and 23(b)(3) for certification of classes for settlement purposes.

31. Certification of a class requires meeting the requirements of Fed. R. Civ. P. 23(a) and at least one of the subsections of Rule 23(b). *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 722 F.3d 838, 850-51 (6th Cir. 2013); *Griffin*, 2013 WL 6511860, at *5; *Ford*, 2006 WL 1984363, at *19 (citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 397 (6th Cir. 1998)). Certification is appropriate under Rule 23(a) if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law and fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interest of the class. *Griffin*, 2013 WL 6511860, at *5; *Date*, 2013 WL 3945981, at *3.

32. Class certification under Rule 23(a)(1) is appropriate where a class contains so many members that joinder of all would be "impracticable." Fed. R. Civ. P. 23(a)(1); *Whirlpool*, 722 F.3d at 852 (noting that "substantial" number of class members satisfies numerosity). Numerosity is determined by the size and geographic location of the class members. *Marsden v. Select Medical Corp.*, 246 F.R.D. 480, 484 (ED. Pa. 2007). Notice of this Settlement was sent via email to approximately 56,425 executives who work at Truck and Equipment Dealership

11

entities, geographically dispersed throughout the United States. Joinder of these Settlement Class members would be impracticable, satisfying Rule 23(a)(1).

33. Fed. R. Civ. P. 23(a)(2) requires that a proposed class action involve "questions of law or fact common to the class." One common question may be sufficient to certify a class. *Whirlpool*, 722 F.3d at 853; *Exclusively Cats Veterinary Hosp. v. Anesthetic Vaporizer Servs., Inc.*, 2010 WL 5439737, at *3 (E.D. Mich. Dec. 27, 2010) ("[T]here need be only a single issue common to all members of the class") (citing *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1080 (6th Cir. 1996)).

34. Courts have concluded that some antitrust cases present questions adequately common to class members to satisfy Rule 23. *In re Flat Glass Antitrust Litig.*, 191 F.R.D. 472, 478 (W.D. Pa. 1999) (citing 4 Newberg on Class Actions § 18.05-15 (3d ed. 1992)); *Packaged Ice*, 2011 WL 717519, at *6 (holding commonality satisfied by questions concerning "whether Defendants conspired to allocate territories and customers and whether their unlawful conduct caused Packaged Ice prices to be higher than they would have been absent such illegal behavior and whether the conduct caused injury to the Class Members"). Here, whether the Settling Defendant entered into anti-competitive agreements presents factual and legal questions common to all Settlement Class members. Because there are common legal and factual questions, the commonality requirement of Rule 23(a)(2) is met for the Settlement Class.

35. Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "If there is a strong similarity of legal theories, the requirement [of typicality] is met, even if there are factual distinctions among named and absent class members." *Griffin*, 2013 WL 6511860, at *6 (quoting *Ford Motor*, 2006 WL 1984363, at* 19); *Date*, 2013 WL 3945981, at *3. "Typicality is

met if the class members' claims are 'fairly encompassed by the named plaintiffs' claims.'" *Whirlpool*, 722 F.3d at 852 (quoting *Sprague*, 133 F.3d at 399). The legal theories and claims of the named Truck and Equipment Dealer Plaintiffs are the same or similar to the claims of the members of the Settlement Class. Rule 23(a)(3)'s typicality requirement is satisfied for the Settlement Class.

36. Rule 23(a)(4) requires that the class representative fairly and adequately protect the interests of the class. "There are two criteria for determining adequacy of representation: (1) the proposed class representative must have common interests with the other class members; and (2) it must appear that the class representative will vigorously prosecute the interests of the class through qualified counsel." *Sheick*, 2010 WL 3070130, at *3 (quoting *Senter v. Gen. Motors Corp.,* 532 F.2d 511, 524-25 (6th Cir. 1976)). These requirements are met by the Truck and Equipment Dealer Plaintiffs who have served as named representatives in this litigation. Counsel representing the Truck and Equipment Dealer Plaintiffs are well-qualified class action attorneys and have vigorously prosecuted the Truck and Equipment Dealer Plaintiffs' claims.

37. In addition to satisfying Rule 23(a), the Settlement Class meets the requirements of Rule 23(b)(3), which authorizes class certification if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 535 (6th Cir. 2008); *Hoving v. Lawyers Title Ins. Co.*, 256 F.R.D. 555, 566 (E.D. Mich. 2009).

38. The Rule 23(b)(3) requirement that common issues predominate ensures that a proposed class is "sufficiently cohesive to warrant certification." *Amchem*, 521 U.S. at 623. The predominance requirement is met where "the issues in the class action that are subject to

13

generalized proof, and thus applicable to the class as a whole … predominate over those issues that are subject only to individualized proof." *Beanie v. CenturyTel, Inc.*, 511 F.3d 554, 564 (6th Cir. 2007) (citation omitted).  Antitrust actions have been granted class certification.  *Scrap Metal*, 527 F.3d at 535; *Packaged Ice*, 2011 WL 717519, at *6; *In re Southeastern Milk Antitrust Litig.*, 2010 WL 3521747, at *5, 9-11 (ED. Tenn. Sept. 7, 2010).  Sufficiently similar core operative facts and theories of liability apply to each Settlement Class member and, for settlement purposes, common questions of fact and law predominate for the Settlement Class.

39. Rule 23(b)(3) superiority factors to be considered in determining the superiority of proceeding as a class action compared to individual methods of adjudication include: (1) the interests of the members of the class in individually controlling the prosecution of separate actions; (2) the extent and nature of other pending litigation about the controversy by members of the class; (3) the desirability of concentrating the litigation in a particular forum; and (4) the difficulties likely to be encountered in management of the class action.  Fed. R. Civ. P. 23(b)(3).

40. The superiority factors (1)-(3) are met because all Settlement Class members elected to adjudicate their claims in the Settlement and therefore did not express an interest in controlling or bringing their own actions.  The fourth superiority factor is not relevant when a court is asked to certify a settlement only class because the difficulties in managing trial are extinguished by the settlement.  *See Cardizem*, 218 F.R.D. at 517.  The alternative to this Settlement is a multiplicity of separate lawsuits with possibly contradictory results for some plaintiffs, *In re Flonase Antitrust Litig.*, 284 F.R.D. 207, 234 (E.D. Pa. 2012), or no recourse for many class members for whom the cost of pursuing individual litigation would be prohibitive, *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 527 (S.D.N.Y 1996).  The certification of the Settlement Class is a superior method to resolve this litigation.

14

41.     The Settlement meets the requirements of Rule 23(h)(2) and 23(h)(3) of the Federal Rules of Civil Procedure.  The Court therefore grants certification, for settlement purposes only, of the Settlement Class set out in the preliminary approval order of the Settlement and the Settlement Agreement.

42.     The Court's certification of the Settlement Class as provided herein is without prejudice to, or waiver of, the rights of any Defendant to contest certification of any other class proposed in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311.  The Court's findings in this Order shall have no effect on the Court's ruling on any motion to certify any class in the *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311.  No party may cite or refer to the Court's approval of any Settlement Class as persuasive or binding authority in support of any motion to certify any class.

43.     The Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, administrative, or other proceeding in any jurisdiction.

### Appointment of Settlement Class Counsel and Class Representatives

44.     The Court hereby appoints Duane Morris LLP as Settlement Class Counsel, having determined that the requirements of Rule 23(g) are fully satisfied by this appointment.

45.     The Truck and Equipment Dealer Plaintiffs named in the operative complaint in the Settlement are appointed to serve as class representatives on behalf of the Settlement Class.

46.     **IT IS HEREBY ORDERED:**

47.     The Settlement previously preliminarily approved by the Court is fair, reasonable, and adequate under the circumstances and is granted final approval pursuant to Rule 23 of the Federal Rules of Civil Procedure;

48. The notice plan and notice provided about the Settlement was reasonable and the best practicable notice reasonably calculated under the circumstances to apprise class members of the pendency of these actions, the terms of the Settlement, and their respective right to object, opt out, and appear at the final fairness hearing;

49. The Settlement Class is hereby certified, pursuant to Rule 23 of the Federal Rules of Civil Procedure, solely for purposes of this Settlement;

50. The terms of the parties' Settlement Agreement for the Settlement are hereby incorporated as Orders of this Court;

51. The Court hereby dismisses on the merits and with prejudice the individual and class claims asserted against Settling Defendant, with Plaintiffs and Settling Defendant to bear their own costs and attorneys' fees except as otherwise ordered by the Court;

52. All persons and entities who are Releasors are hereby barred and enjoined from commencing, prosecuting, or continuing, either directly or indirectly, in an individual or representative or derivative capacity, against the Settling Defendant, in this or any other jurisdiction, any and all of the Released Claims as defined in the Settlement Agreement;

53. The Settling Defendant are hereby and forever released and discharged with respect to any and all of the Released Claims as defined in the Settlement Agreement;

54. No person or entity has requested exclusion from the Settlement Class. All members of the Settlement Class shall be bound by the Settlement and the Settlement Agreement;

55. Because no objections to this Settlement was filed, members of the Settlement Class have waived all such objections and are therefore bound by all proceedings, orders, and

judgments in this Settlement, which will be preclusive in all pending or future lawsuits or other proceedings;

56. The Court's certification of the Settlement Class is without prejudice to, or waiver of, the rights of any Defendant, to contest certification of any other class proposed in the MDL Litigation;

57. The Court's findings in this order shall have no effect on the Court's ruling on any motion to certify any class in the MDL Litigation or on the Court's rulings concerning any party's motion;

58. No party may cite or refer to the Court's approval of the Settlement Class as persuasive or binding authority with respect to any motion to certify any such class or any party's motion;

59. That the action against Settling Defendant, including the claims of Settlement Class Members, be dismissed with prejudice and, except as provided for in the Settlement Agreement, without costs;

60. The Court has determined under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing that the judgment of dismissal in the Action as to Settling Defendant shall be final;

61. Without affecting the finality of this Order or any final judgment related to the Settlement in any way, this Court hereby retains exclusive jurisdiction over: (a) the enforcement of this Order and the final judgments; (b) the enforcement of the Settlement Agreement; (c) any application for distribution of funds, attorneys' fees, or reimbursement of costs and expenses made by Plaintiffs' Counsel; (d) any application for incentive awards for the Truck and

Equipment Dealer Plaintiffs; and (e) the distribution of the settlement proceeds or additional notice to members of the Settlement Class.

Date:   March 19, 2018            <u>s/Marianne O. Battani</u>
                                  MARIANNE O. BATTANI
                                  United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 19, 2018.

                                  <u>s/ Kay Doaks</u>
                                  Case Manager